Mingzi "Marjorie" Ouyang, Esq. (SBN 314334)
marjorie.ouyang@valleysummitlaw.com
**VALLEY&SUMMIT LAW**
One Park Plaza, Suite 600
Irvine, California 92614
Telephone: (909) 248-4522

*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

Shenzhenshi Xixihaina Maoyi Youxiangongsi, d/b/a “DEHOYI”, a corporation organized under the laws of the People's Republic of China; Shenzhenshi Yunqishidai Dianzishangwu Youxiangongsi, d/b/a “Mudygelay Direct”, a corporation organized under the laws of the People's Republic of China.

Plaintiffs,

v.

Ernst Manufacturing, Inc., an Oregon Company,

Defendant.

Case No. 1:26-cv-10163

**COMPLAINT FOR:**

**(1) DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. US 12,629,813 B1.**
**(2) DECLARATORY JUDGMENT OF PATENT INVALIDITY UNDER U.S. PATENT NO. US 12,629,813 B1.**
**(3) TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE; AND**
**(4) VIOLATION OF ILLINOIS DECEPTIVE TRADE PRACTICE ACT.**

**JURY TRIAL DEMANDED**

## I. INTRODUCTION

1. Plaintiffs bring this action against Defendant Ernst Manufacturing, Inc. (“Defendant” or “Ernst”) for submitting untrue and misleading patent infringement complaints to Amazon under U.S. Patent No. 12,629,813 B1 (the ’813 Patent), which resulted in the wrongful removal of Plaintiffs’ product listings and disruption of their business operations.

## II. PARTIES

2. Plaintiff Shenzhenshi Xixihaina Maoyi Youxiangongsi is a company organized under the laws of the People's Republic of China, with its registered address in Shenzhen, China, engaged in the business of manufacturing, distributing, and selling tool organizer products globally, including through its Amazon storefront "DEHOYI" (Seller ID: AKF85JW3NY5UG).

3. Plaintiff Shenzhenshi Yunqishidai Dianzishangwu Youxiangongsi is a company organized under the laws of the People's Republic of China, with its registered address in Shenzhen, China, engaged in the business of manufacturing, distributing, and selling tool organizer products globally, including through its Amazon storefront "Mudygelay Direct" (Seller ID: A3Q4XHXWVUKG9I).

4. Defendant Ernst Manufacturing, Inc. is a corporation with its principal place of business at 37570 Ruben Lane, Sandy, Oregon 97055. Defendant is the owner by assignment of U.S. Patent No. 12,629,813 B1, entitled "Tool Organizer" (the '813 Patent), which issued on May 19, 2026 from an application filed on April 18, 2024. A true and correct copy of the '813 Patent is attached hereto as **Exhibit A**.

5. Both Plaintiffs sell, through their respective storefronts, the tool organizer products at issue in this action. They bring this action jointly because Defendant's infringement complaints against each Plaintiff arise from the same series of transactions: Defendant's assertion of the same patent against the same product design across Plaintiffs' respective storefronts and raise common questions of law and fact within the meaning of Federal Rule of Civil Procedure 20(a)(1).

## III. NATURE OF THE ACTION

6. This action seeks declaratory judgment of patent invalidity and noninfringement under 28 U.S.C. § 2201(a) and 35 U.S.C. § 102(a)(1).

7. In addition, this action asserts claims for tortious interference with business relations or prospective economic advantage.

8. Lastly, this action asserts claims for violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/2.

## IV. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District. Specifically, the Amazon ASINs at issue for both Plaintiffs that were frozen as a result of Defendant's infringement complaints have inventory located in this District, and Defendant has purposefully directed its enforcement activities, including submitting Amazon IP complaints, toward sellers conducting business within this District.

## V. GENERAL FACTS

### A. The ’813 Patent and Amazon's Enforcement Mechanism

12. Amazon’s IP complaint system allows rights holders to enforce their intellectual property by submitting facially valid certificates, such as the disputed U.S. utility patent registration here. Upon receipt of such a complaint, Amazon typically removes or disables the accused product listings immediately without prior notice to the seller, or alternatively affords the seller a limited period of time to submit supporting documentation in order to reinstate the listings. The affected inventory is frozen in Amazon’s fulfillment centers, and the

seller is rendered unable to fulfill orders or generate sales revenue from the impacted products. Although accused sellers are permitted to submit non-infringement analyses or rebuttal evidence, Amazon generally presumes the validity of facially effective patents and gives significant deference to the complainant's representations. As a result, sellers often have no meaningful recourse through Amazon's internal procedures, and the takedowns remain in effect regardless of the merits of the infringement allegation.

13. The '813 Patent, titled "Tool Organizer," is U.S. Utility Patent No. 12,629,813 B1. A true and correct copy of the '813 Patent is attached hereto as **Exhibit A**.

14. Plaintiffs believe that the '813 Patent is invalid and not infringed, and believe that Defendant has knowledge that the '813 Patent was not infringed. Yet Defendant maliciously filed baseless complaints with Amazon.com alleging infringement of the '813 Patent by Plaintiffs' Products. These complaints have resulted in the wrongful delisting and removal of Mudygelay Direct's product listings, causing significant disruption to its business operations and reputational harm. DEHOYI's product listings, meanwhile, remain at imminent risk of removal as a result of Defendant's complaints, threatening similar harm to DEHOYI's business operations and reputation.

**B. Defendant's Complaint Against DEHOYI (Complaint ID 21447945671)**

15. On or about August 4, 2026, Amazon notified DEHOYI, under the IP Complaint procedure, of a patent infringement complaint submitted by Defendant asserting the '813 Patent, identified as Complaint ID 21447945671, concerning the following ASINs on DEHOYI's storefront: B0F1YZSMX7, B0DCZ5X7RP, B0DKPFZ8Y5, B0DGVVPVVJ, B0F8P1X5B3, B0F1YWJXCS, B0DQF8VJ59, B0DS64P92Y, B0DS62YBSV, and B0DQF9Y7KQ

(collectively, the "DEHOYI ASINs"). A true and correct copy of Amazon's notice is attached hereto as **Exhibit B**.

16. Amazon's notice states that DEHOYI has approximately three weeks from the date of the notice either to resolve the claim with Defendant, submit a copy of a complaint filed in federal court seeking declaratory judgment of non-infringement, or participate in a paid neutral evaluation. The notice further states that if DEHOYI fails to take any of these actions within that period, Amazon will remove the DEHOYI ASINs. As of the filing of this Complaint, the DEHOYI ASINs remain active, but are at imminent risk of removal absent the filing of this action.

17. This is not the first instance in which Defendant has targeted DEHOYI. On or before May 10, 2026, Defendant submitted a baseless and untrue infringement complaint to Amazon, falsely alleging that DEHOYI had infringed Design Patent US D1119501 owned by Defendant, which resulted in the deactivation of DEHOYI's ASINs. DEHOYI subsequently appealed to Amazon, and its ASINs were reinstated. A true and correct copy of Amazon's prior email notice is attached hereto as **Exhibit C.** In Amazon's May 15, 2026 email to reinstate DEHOYI's ASINs, Amazon specifically indicated the original restriction was applied in error. This prior incident further demonstrates that Defendant's conduct does not constitute an isolated or random act, but rather reflects a deliberate pattern of targeted attacks against Amazon sellers. A true and correct copy of Amazon's email to reinstate DEHOYI's listings is attached hereto as **Exhibit D.**

**C. Defendant's Complaint Against Mudygelay Direct (Complaint ID 21008874091)**

18. On or about July 31, 2026, Amazon notified Mudygelay Direct of a patent infringement complaint submitted by Defendant asserting the '813 Patent, identified as Complaint ID 21008874091, concerning ASINs B0F6TP47P3, B0FNMJD8SH, and

B0F6VLZTWT (collectively, the "Mudygelay ASINs"). Mudygelay Direct filed an appeal letter to Amazon, which was denied by Amazon on August 4, 2026. A true and correct copy of Amazon's notice is attached hereto as **Exhibit E**.

19. The Mudygelay ASINs were removed from Amazon.com immediately upon Defendant's complaint without any evaluation period.

20. On or about July 31, 2026, Mudygelay Direct submitted a detailed written appeal to Amazon's Intellectual Property & Legal Operations Team, together with a side-by-side technical and photographic comparison, demonstrating that the Mudygelay ASINs do not embody the limitations of independent Claim 1 of the ’813 Patent. A true and correct copy of Mudygelay's appeal is attached hereto as **Exhibit F**.

**D. The ’813 Patent's Claim 1 and Its Core Limitation**

21. Independent Claim 1 of the ’813 Patent recites, in relevant part, a tool organizer system comprising a base member having a tool receiver channel with "a first wall extending from a lower region to a first upper region... and a second wall spaced away from said first wall extending from the lower region to a second upper region, wherein said second wall has a multi-sloped profile for providing a surface for abutting a portion of a face of a tool when the tool is placed for holding in the tool receiver channel."

**E. The DEHOYI and Mudygelay Products Do Not Fall Within the Limitations of Independent Claim 1 of the ’813 Patent**

22. The DEHOYI ASINs and the Mudygelay ASINs both sell tool organizer products, offered through Plaintiffs' respective storefronts. Each of these products features a smooth, single-slope, flat inner wall on the tool-receiving channel, with only a single bending angle.

None of the accused products contain the secondary bending section or multi-sloped profile required by Claim 1's "multi-sloped profile" limitation.

23. The accused products further differ from the patented embodiment in that: (a) the accused products have a smooth arc-shaped top edge with vertical side waistlines, whereas the patented embodiment has a trapezoidal top contour with inward-inclined side waistlines; (b) the accused products feature parallel linear anti-slip textured stripes on their exterior side walls, whereas the disclosed embodiment has plain, smooth exterior side walls; and (c) the accused products carry no logo or branding belonging to Defendant, whereas the disclosed embodiment is physically branded "ERNST."

24. Because the accused products do not fall within the limitations of independent Claim 1 of the ’813 Patent, the accused products do not infringe the ’813 Patent, literally or under the doctrine of equivalents.

**COUNT I**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

**(28 U.S.C. §§ 2201, 2202; 35 U.S.C. § 271)**

25. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

26. Pursuant to 28 U.S.C. § 2201(a), “in a case of actual controversy within its jurisdiction…any court of the United States…. may declare the rights and other legal relations of any interested party seeking any declaration.”

27. Here, an actual, substantial, and justiciable controversy exists between Plaintiffs and Defendant concerning whether the DEHOYI ASINs and the Mudygelay ASINs infringe any claim of the ’813 Patent.

28. Because the accused products do not fall within the limitations of independent Claim 1 of the ’813 Patent, Plaintiffs have not infringed, and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the ’813 Patent.

**COUNT II**

**DECLARATORY JUDGMENT OF PATENT INVALIDITY**

**(28 U.S.C. §§ 2201, 2202; 35 U.S.C. § 282)**

29. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

30. On August 19, 2026, counsel for Plaintiffs sent an email to Defendant, together with two demand letters, setting forth the reasons why Plaintiffs do not infringe Defendant's patent, and attaching the Amazon store listing page for the ToolBox Widget product referenced therein. True and correct copies of the August 19, 2026 email and the accompanying demand letters are attached hereto as **Exhibit G.**

31. Defendant knew that numerous prior sales, constitute prior art to the ’813 Patent. Despite this, Defendant has alleged that Plaintiffs infringe the ’813 Patent. This prior art was publicly available before the earliest effective filing date of the ’813 Patent, and therefore qualifies as prior art under 35 U.S.C. § 102(a)(1). The table below reflects numerous prior sales on Amazon before the ’813 Patent filing date: **Exhibit H** reflects the Amazon store listing and review pages for ToolBox Widget, indicating that the earliest traceable sale date for ToolBox Widget's products was May 16, 2020, well before the ’813 Patent's filing date. **Exhibit I** reflects the Amazon store listing and review pages for Mayouko, indicating that

the earliest traceable sale date for Mayouko's products was December 24, 2021, also well before the ’813 Patent's filing date.

| Store Names | Earliest Sale Dates | Exhibits |
|---|---|---|
| ToolBox Widget | May 16, 2020 | Exhibit H |
| Mayouko | December 24, 2021 | Exhibit I |

32. Amazon store ToolBox Widget’s products are covered by a patent that was filed on July 22, 2018, and issued on September 7, 2021 (the "ToolBox Widget Patent"). By contrast, the ’813 Patent asserted by Defendant was not filed until April 18, 2024, and did not issue until May 19, 2026. It’s more than five years after the filing date, and nearly five years after the issuance date, of the ToolBox Widget Patent. Accordingly, the ’813 Patent is invalid for lack of novelty under 35 U.S.C. § 102(a)(1).

33. This is an exceptional case within the meaning of 35 U.S.C. § 285. Defendant knew that the ’813 Patent was invalid and not infringed by Plaintiffs' products, yet nevertheless filed and maintained baseless infringement complaints against Plaintiffs with Amazon, and has engaged in a pattern of similarly baseless enforcement actions against DEHOYI, as alleged above. Defendant's substantively weak litigating position and its bad-faith conduct in asserting the ’813 Patent entitle Plaintiffs to an award of their reasonable attorneys' fees and costs.

## COUNT III

## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS OR PROSPECTIVE ECONOMIC ADVANTAGE

34. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if fully set forth herein.

35. Under *Fellhauer v. City of Geneva*, 568 N.E.2d 870 (Ill. 1991), it is generally recognized by the Illinois courts that to prevail on a claim for tortious interference with a prospective economic advantage, a plaintiff must prove: (1) a reasonable expectation of entering into a valid business relationship; (2) the defendant's knowledge; (3) the purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship; and (4) damage to the plaintiff resulting from such interference.

36. Plaintiffs had valid and ongoing business relationships and expectancies with Amazon and their customers through their active Amazon storefronts and product listings. Defendant knew of these relationships because it specifically targeted Plaintiffs' Amazon listings and ASINs in its infringement complaints.

37. Defendant intentionally and unjustifiably interfered with Plaintiffs' relationships and expectancies by submitting baseless and misleading patent infringement complaints to Amazon. Defendant's complaints caused Amazon to remove and deactivate Plaintiffs' listings, preventing Plaintiffs from continuing sales through those listings.

38. As a direct and proximate result of Defendant's conduct, Plaintiffs suffered damages, including removal of listings, lost sales, disruption of business operations, loss of customer goodwill, and reputational harm.

**COUNT IV**

**VIOLATION OF ILLINOIS DECEPTIVE TRADE PRACTICE ACT**

**(815 ILCS 510/2)**

39. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if fully set forth herein.

40. Pursuant to the Illinois Deceptive Trade Practices Act (DTPA), 815 ILCS 510/2, "a person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, he or she: …. (8) Disparages the goods, services, or business of another by false or misleading representation of fact."

41. Based on the facts alleged above, Defendant engaged in deceptive trade practices by submitting false and misleading patent infringement complaints to Amazon, falsely representing that Plaintiffs' products infringed the '813 Patent. These false representations disparaged Plaintiffs' products and business and caused Amazon to remove and deactivate Plaintiffs' listings. As a result, Plaintiffs suffered damages, including lost sales, disruption of business operations, loss of customer goodwill, and reputational harm.

**JURY DEMAND**

42. Plaintiffs hereby demand a trial of this action by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter:

1. A Judgment in favor of Plaintiffs and against Defendant on all causes of action asserted herein;

2. An order enjoining Defendant, its officers, agents, employees, affiliates, and all persons acting in concert with it from submitting further false or misleading complaints to Amazon, and from further tortious interference with Plaintiffs' business relations;

3. An order directing any third-party platforms, including but not limited to Amazon, to reinstate and reopen any listings, advertisements, or sales channels operated by Mudygelay Direct in connection with its products, and to maintain DEHOYI ASINs as active during the pendency of this action;

4. An order requiring Defendant to file a written report under oath, within ten (10) days of judgment, detailing the manner and form in which it has complied with the injunction;

5. An award of damages adequate to compensate Plaintiffs for Defendant's wrongful acts;

6. An award of Plaintiffs' costs of suit incurred herein, pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920;

7. An award of Plaintiffs' reasonable attorney fees and costs incurred in this action, pursuant to 35 U.S.C. § 285;

8. Such other and further relief as the Court may deem just and proper.

Dated: August 25, 2026

Respectfully submitted,
/s/ Mingzi "Marjorie" Ouyang
Mingzi "Marjorie" Ouyang (SBN 314334)
Valley & Summit Law
One Park Plaza, Suite 600
Irvine, CA 92614
marjorie.ouyang@valleysummitlaw.com
(909) 248-4522
Attorney for Plaintiffs